```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KAREN TUCKER, *pro se*,

                        Plaintiff,
        -against-                                              **SUMMARY ORDER**
WYCKOFF HEIGHTS MEDICAL CENTER,                                14-CV-7593 (DLI) (LB)
RONALD GUBERMAN,

                        Defendants.
------------------------------------------------------------X
```
**DORA L. IRIZARRY, United States District Judge:**

On December 30, 2014, *pro se* plaintiff Karen Tucker filed this action against defendants seeking damages and injunctive relief. The Court grants plaintiff's request to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, solely for the purpose of this Order[1] and dismisses the complaint for the reason set forth below.

## BACKGROUND

Plaintiff's complaint consists of 135 pages in addition to a 50-page table of authorities and numerous exhibits. Plaintiff alleges, *inter alia*, fraud, breach of contract, unjust enrichment, breach of fiduciary duty, defamation, and retaliation in connection with her prior podiatric residency at Wyckoff Heights Medical Center, which ended in 2008. The Court takes judicial notice that, on March 7, 2013, plaintiff sued the same defendants over the same incidents in the United States District Court for the Southern District of New York ("SDNY") in a case captioned *Tucker v. Wyckoff Heights Medical Center, et al.*, 13-CV-1576(LTS)(RLE).

On September 30, 2014, the Honorable Laura Taylor Swain granted defendants' motion for summary judgment on the breach of contract, retaliation, defamation, tortious interference, breach of fiduciary duty, and constitutional claims, but permitted plaintiff to file claims for

---

[1] Plaintiff's *in forma pauperis* application indicates that she has no income whatsoever. It difficult to believe that plaintiff has no resources of any kind. However, in light of dismissal, no further filings from plaintiff are necessary regarding her income or assets.

1

breach of a settlement agreement with Wyckoff Heights Medical Center in a court of competent jurisdiction in New Jersey. *See Tucker v. Wyckoff Heights Medical Center, et al.*, ___ F.Supp.3d ___, 2014 WL 4928958, at *8-12 (S.D.N.Y. Sept. 30, 2014).

## DISCUSSION

A complaint must plead "enough facts to state a claim to relief that is plausible on its face" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In reviewing the complaint, the Court is mindful that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Nevertheless, pursuant to the *in forma pauperis* statute, the court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Turning to the instant action, it is clear that plaintiff seeks nothing more than the opportunity to relitigate claims against defendants that were previously litigated in her earlier case filed in the SDNY. Under the doctrine of *res judicata*, or claim preclusion, "[a] final adjudication on the merits of an action precludes the parties or their privies from relitigating

issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Once a final judgment has been entered on the merits of the case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning the transactions out of which the first action arose. *See Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284-91 (2d Cir. 2000). Courts have the authority to raise this issue *sua sponte*. *See Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) (*per curiam*); *Rollock v. LaBarbera*, 383 F. App'x 29, 30 (2d Cir. 2010) (summ. or.).

To determine whether *res judicata* precludes subsequent litigation, a court must find that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been raised in the prior action." *Monahan*, 214 F.3d at 285. Moreover, "'[e]ven claims based on different legal theories are barred provided they arise from the same transaction or occurrence.'" *MacKinnon v. City of New York Human Resources Admin.*, 580 F. App'x 44, 45 (2d Cir. 2014) (quoting *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205 (2d Cir. 2002)).

This litigation is barred by the doctrine of *res judicata*. First, plaintiff's prior action was dismissed on the merits. *See Tucker,* 2014 WL 4928958, at *8-12. Second, both this action and plaintiff's prior action involved the identical parties: Tucker, Wyckoff Heights Medical Center, and Ronald Guberman. Finally, this action involves the same set of facts and raises many of the same claims as in plaintiff's prior action. Therefore, plaintiff's attempt to relitigate claims that were previously resolved in the SDNY or could have been raised in the previous action are barred by the doctrine of *res judicata*.

## CONCLUSION

This action is dismissed as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B) and on *res judicata* grounds. Plaintiff's request for *pro bono* counsel is denied as moot. Moreover, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       March 5, 2015

/s/
DORA L. IRIZARRY
United States District Judge